J. Steven Holt, Plaintiff, *v.* Fidelity Phoenix Fire Insurance Company of New York, Defendant.

Supreme Court, Special Term, Albany County, November 9, 1946.

*J. Steven Holt* and *Jacob M. Olshansky* for plaintiff.

*Nelson R. Pirnie* for defendant.

Elsworth, J. Motion by the plaintiff for summary judgment and an order for assessment of damages pursuant to rule 113 of the Rules of Civil Practice. The defendant asks summary judgment dismissing the complaint.

A standard form fire insurance policy with an attached insuring form, known as Business Interruption Insurance (use and

occupancy), was issued by the defendant to William Berinstein Enterprises covering premises known as The Colonial Theatre in Albany from April 1, 1945, to April 1, 1948. On the 1st day of March, 1946, while the policy was in effect, there was a fire loss at the premises rendering the same unusable. Following the fire, on March 11, 1946, the William Berinstein Enterprises conveyed the premises to the plaintiff and effective of that date assigned all its right, title and interest in the policy in question to the plaintiff. The plaintiff, following notification to the company of such assignment, made demand on April 1, 1946, for indorsement of the policy to him as of March 11, 1946. The insurance company refused to comply with such demand. The policy provided that the assignment thereof should not be valid except with the written consent of the company. The William Berinstein Enterprises filed proof of loss for and was paid the amount of its business interruption loss under the policy to March 11, 1946. In this action the plaintiff seeks to recover claimed business interruption losses under the policy occurring wholly subsequent to March 11, 1946, the date of transfer of title and possession.

The conclusion must be reached, I believe, that the defendant is entitled to judgment dismissing the complaint. The pleadings, affidavits and exhibits before me fail to disclose a cause of action.

The plaintiff states his position thus: " The only legal question is whether this policy was assignable after a loss, and the legal authorities have been dealt with supra." No citation of authority is required to substantiate the general proposition that an accrued claim under a fire insurance policy is properly assignable. The plaintiff seems to confuse an existing claim with one not yet accrued. True, the fire in question had occurred when title was transferred on March 11, 1946, but the alleged claim for which this action is brought was not then in existence. It accrued subsequent thereto under a new owner with whom the defendant had no contractual relations and who was a stranger to it. It accrued after William Berinstein Enterprises, to whom the defendant had issued its policy, had ceased its business, its ownership and its control.

To succeed in this action it is incumbent upon the plaintiff to show that he acquired legal rights as against the defendant under the policy by the alleged assignment. This he completely fails to do. As indicated above, the assignment could properly have been effective as to an existing loss. Here, however, there was no existing loss to which the assignment was applicable

when made. Of course, if the William Berinstein Enterprises after the fire had made an assignment of future loss to accrue during its own continued ownership of the premises and business, an entirely different question would have arisen. That, however, is not the present situation.

Allowance of plaintiff's recovery in the instant case would be a denial of the defendant's right to choose the person with whom it elected to contract; it would be equivalent to saying that this insurance contract could be sold as any chattel or assigned as any chose in action; and it would sanction substitution for the original insured, with a terminated business, of another insured, with a new business. None of such results could have legal approval.

Plaintiff's motion for summary judgment is denied and defendant may have summary judgment dismissing the complaint, with costs of the action to date.

Submit order.